```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------X
                                       :
 4   UNITED STATES OF AMERICA,         :
                                       : 15-MJ-00706 (UA)
 5             v.                      :
                                       : March 6, 2015
 6   JON CRUZ,                         :
                                       : 500 Pearl Street
 7                                     : New York, New York
                    Defendant,         :
 8   ----------------------------------X

 9         TRANSCRIPT OF CRIMINAL CAUSE FOR INITIAL APPEARANCE
                 BEFORE THE HONORABLE ANDREW J. PECK
10                 UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:
12

13   For the Government:        UNITED STATES ATTORNEY
                                BY:  SHAWN CROWLEY, ESQ.
14                              ASSISTANT U.S. ATTORNEY

15

16   For the Defendant:         MICHAEL PAUL, ESQ.
                                Helfer & Helfer LLP - of counsel
17                              254 Pettit Avenue
                                Belmore, New York 11710
18

19

20

21
     Court Transcriber:         MARY GRECO
22                              TypeWrite Word Processing Service
                                211 N. Milton Road
23                              Saratoga Springs, NY 12866

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

1           THE CLERK:  <u>U.S. v. Jon Cruz</u>.  Counsel, please state
2  your name for the record.
3           MS. CROWLEY:  Shawn Crowley for the Government.  With
4  me at counsel table is Special Agent Aaron Spevack [Ph.]  of
5  the FBI, and with the court's permission, Amanda Weingarten who
6  is an intern in our office.
7           THE COURT:  Very good.
8           MS. WEINGARTEN:  Good afternoon, Your Honor.
9           MR. PAUL:  Michael Paul, of counsel to the firm of
10  Helfer and Helfer, 254 Pettit Avenue, Belmore, New York.  Good
11  afternoon, Your Honor.
12          THE COURT:  Good afternoon.  All right.  You may be
13  seated.
14          MR. PAUL:  Thank you, Judge.
15          THE COURT:  Mr. Cruz, let me now advise you of
16  certain rights that you have.
17          This is not a trial.  You're not called upon to
18  answer the charges against you at this time.  You have the
19  right to remain silent.  You're not required to make any
20  statements.  Even if you've already made any statements to the
21  authorities, you need not make any further statements.
22  Anything you do say can be used against you.
23          You have the right to be released either
24  conditionally or unconditionally pending trial unless I find
25  that there are no circumstances that would assure your

1  continued presence at court hearings and the safety of the
2  community.  The prosecutor has asked me to detain you pending
3  trial.  You're entitled to a prompt hearing on whether those
4  conditions exist.  Do you understand all of these rights?
5          THE DEFENDANT:  Yes, Your Honor.
6          THE COURT:  You have the right to be represented by
7  counsel during all court proceedings including this one and
8  during any and all questioning by the authorities.  If you
9  cannot afford an attorney, I will appoint one today to
10 represent you throughout this case at no cost to you.  Do you
11 understand your rights to counsel?
12         THE DEFENDANT:  Yes, Your Honor.
13         THE COURT:  And you're retained Mr. Paul, correct?
14         THE DEFENDANT:  Yes, Your Honor.
15         THE COURT:  All right.  Give me a moment to review
16 the complaint.
17              [Pause in proceedings.]
18         THE COURT:  Counsel and Agent Spevack, in 29A it
19 looks like there is a number missing.
20         MS. CROWLEY:  Yes, Your Honor. That number should
21 say approximately 30.
22         THE COURT:  Okay.  Have Agent Spevack fill that in
23 and initial.  And while he's at it, he can sign since I think
24 you've given me an unsigned copy.
25         Agent Spevack, please stand.  Is that your signature?

                                                                4

1            AGENT SPEVACK:  Yes, sir, it is.
2            THE COURT:  Your right hand is raised.
3               (AGENT SPEVACK SWORN AS TO THE COMPLAINT)
4            THE COURT:  Mr. Paul, have you received a copy of the
5    complaint?
6            MR. PAUL:  I have, Your Honor.
7            THE COURT:  Have you reviewed it with Mr. Cruz?
8            MR. PAUL:  Yes, we have reviewed it together.
9            THE COURT:  And do you waive its public reading?
10           MR. PAUL:  I do.
11           THE COURT:  All right.  Mr. Cruz, you're entitled to
12   a preliminary hearing at which the prosecutors will have the
13   burden of establishing that there is probable cause to believe
14   that the crime you're being charged with was committed and that
15   you are the person who committed it.
16           If probable cause is established, the prosecutors get
17   to proceed to trial against you.  If probable cause is not
18   established, then the court will dismiss the charges against
19   you.
20           If you remain in custody, the hearing will be held
21   within 14 days.  If you're not in custody, it will be held
22   within 21 days unless under either situation you, through your
23   attorney, agree to have the hearing 30 days from today to allow
24   for discovery, possible discussions of a resolution, et cetera.
25   I should advise you that a preliminary hearing will not be

1  held, however, if before the date it's scheduled you're
2  indicted by a grand jury or if the prosecutors, with your
3  permission, file a criminal information against you, and
4  traditionally one of those two things is what happens in this
5  district.
6         I'll set your preliminary hearing date in a moment
7  after addressing the issue of bail with counsel.
8         Ms. Crowley, what is the Government's position?
9         MS. CROWLEY:  The Government seeks detention, Your
10 Honor.
11        THE COURT:  Mr. Paul, are you prepared to proceed at
12 this time?
13        MR. PAUL:  Your Honor, yes, I am prepared to proceed.
14        THE COURT:  Okay.  Ms. Crowley, what's your reasons?
15        MS. CROWLEY:  Your Honor, as Your Honor knows, this
16 is a presumption case and the Government believes that there is
17 no set of circumstances that can reasonably assure both the
18 safety of the community and that the defendant will not flee.
19 As to danger to the community, this is not a typical child
20 pornography case.  As outlined in the complaint, Mr. Cruz has
21 been paying minors to send him pornographic photographs of
22 themselves.  He has admitted that he has been doing this for
23 years, and he has been doing this through the use of an alias,
24 a name that he's made up, and the use of photographs of former
25 students of his.

6

1        This crime, Your Honor, was committed by a high
2   school teacher who has access and currently teachers over 400
3   students at Bronx Science.  These crimes were committed on two
4   mobile phones and on a --
5            THE COURT:  Let me ask a question about that.  Do you
6   have any indication either voluntarily from Mr. Cruz or from
7   the Department of Education whether he is going to be employed
8   as of Monday?
9            MS. CROWLEY:  Your Honor, if I can have a moment to
10  speak with Mr. Spevack?
11                [Pause in proceedings.]
12           MS. CROWLEY:  The Department of Education has
13  informed us that he will not be.  However, that does not --
14  certainly that doesn't prevent him from reaching out to all of
15  his victims including -- and reaching out to students on a
16  phone, on a computer, and that's easily attainable to him.
17  Even if we were to take all of those away, he can be brought
18  them.  He still has access to all of the accounts that he was
19  using to pay these victims and receive the pornographic images.
20  All it would take is a phone or a computer to get that started
21  right back up again.
22           Your Honor, as to flight risk, as Your Honor knows,
23  the defendant faces a very significant sentence in this case.
24           THE COURT:  Can you be more specific?
25           MS. CROWLEY:  The production count carries a 15 year

7

1  mandatory minimum.  The receipt count carries a five year
2  mandatory minimum.  He has access to significant resources.  He
3  admitted today to paying thousands of dollars in exchange for
4  these photographs.  In addition, as the Pretrial Services
5  report outlines, Mr. Cruz makes approximately $5,000 a month
6  and has significant assets in his home.  He travels almost
7  every weekend with his debate team.  Mr. Cruz -- the strength
8  of the Government's case is overwhelming.  We have the
9  pornographic images themselves that were found on his computer
10 this morning.  We have IP records showing that the chats were
11 made --
12          THE COURT:  I know you've talked about both the
13 production and receipt.  Is there any evidence as to selling or
14 otherwise creating, distributing, forwarding the images he has
15 received?
16          MS. CROWLEY:  As of this time there's not, Your
17 Honor, but this is based on just a very preliminary scan of the
18 phones and the computer.
19          THE COURT:  Okay.  Proceed.
20          MS. CROWLEY:  As I was saying, the strength of the
21 Government's case is overwhelming.  We have a Mirandized
22 confession.
23          THE COURT:  You can leave it at the strength is
24 overwhelming.  I've read the complaint, I read the prior search
25 warrant.

8

1         MS. CROWLEY:  Okay.  Your Honor, this defendant has
2    been using the Kick device to chat with victims for years.
3    He's been doing it all over the city.  He's been doing it from
4    school.  There's just no way to reasonably assure that he will
5    not do that if he is released today.  Thank you, Your Honor.
6         THE COURT:  All right.  You started talking about the
7    flight risk and then I might have gotten you off topic on it.
8    Other than the length of the sentence, is there any argument on
9    flight risk?
10        MS. CROWLEY:  I'm sorry, yes.  I believe I said that
11   he has access to significant resources, that he travels
12   frequently, and the strength of the Government's case, Your
13   Honor.  Thank you.
14        THE COURT:  Okay.  Thank you.  Mr. Paul?
15        MR. PAUL:  Thank you, Your Honor.  Your Honor, we're
16   mindful that the allegations are serious and that the proof is
17   fairly substantial against my client.  I'll address the flight
18   risk first.
19        It's my understanding that the passport that was in
20   his apartment was seized by the Government pursuant to the
21   search warrant.  And if it was not, we will certainly hand it
22   over.  My client will not travel anywhere.
23        With regard to your contention with the Department of
24   Education and the Government's contact with the debate team, he
25   will be suspended.  If not, he will voluntarily not continue to

1  have anything to do with the debate team until this is resolved
2  or until there is some resolution.
3          The recommendation as outlined in the Pretrial
4  Services report, we will gladly abide by each and every one of
5  those conditions.  Electronic monitoring is fine.  He will stay
6  away from any computers.  I believe his computer was seized by
7  the Government as well, but of course as the Government
8  correctly pointed out, access to computers or to anything is
9  easy for anybody.  But he will stop any electronic
10 communications with any of the potential victims.  I know it's
11 not normal in the district court to issue orders of protection,
12 but he will not contact any of these victims.
13         There is no risk of flight in that his passport will
14 be surrendered.  Yes, he does have substantial assets.  The
15 apartment that he lives in right now here in Manhattan, he owns
16 it outright.  We will voluntarily turn over the stock
17 certificate and the proprietary lease of that co-op.  His
18 parents own the house that --
19         THE COURT:  What's the value?
20         MR. PAUL:  He purchased it two years ago for 750,000.
21 It's probably worth upwards of that between 750 and a million.
22 His parents own the house that he -- well, he didn't grow up in
23 that house, but that they live in.  They have advised me that
24 they will put up that house and secured bond in addition to
25 that.

10

1  THE COURT: Again, what's the equity in that?
2  MR. PAUL: The equity in that, I'm not sure. I don't
3  know. But it's a substantial house north of at least $500,000
4  and there is no mortgage on that house.
5  We will satisfy -- I'm respectfully requesting that
6  you release him today. We'll satisfy any and all conditions
7  that Your Honor puts forth within one week. He is not a danger
8  to the community. He will abide by the terms of electronic
9  monitoring. He will -- even home confinement is fine as well,
10  Your Honor. It is his first contact with the criminal justice
11  system and definitely will be his last. Thank you.
12  THE COURT: Do you have anyone here who can sign a
13  bond today?
14  MR. PAUL: Your Honor, when I was first called into
15  the case it was about 12:30. His mother was willing to come in
16  but I told her not to because I thought it was going to be -- I
17  didn't think she would get here in time because they live out
18  in Nassau County, so I told her not to come. But his mother
19  would be willing to sign a bond, his father, together with his
20  aunt, as well as other relatives. But as of right now today,
21  no, they're not here and that's my doing.
22  THE COURT: All right. Anything further from the
23  Government including if I'm inclined to give bail, which I
24  frankly am, anything you would say on the conditions including
25  whether release today or not until something else.

                                                                11

1              MS. CROWLEY:  First of all, Your Honor, the
2    Government would ask that Your Honor stay any order of release
3    until the conditions are met.  We also note that under 18 USC
4    3142© there are specific release conditions that are mandatory
5    because of the crimes charged here.  I'm happy to read those if
6    Your Honor --
7              THE COURT:  Well, before you read it, let me open the
8    book.  Okay.
9              MS. CROWLEY:  3142©, first abide by specified
10   restrictions on personal associations, place of abode, or
11   travel.  Second, avoid all contact with an alleged victim of
12   the crime and with a potential witness who may testify
13   concerning the offense.  Third, report on a regular basis to
14   his designated law enforcement agency, Pretrial Services, or
15   other agency.  Fourth, comply with specified curfew.  Fifth,
16   refrain from possessing --
17             THE COURT:  This is the --
18             MS. CROWLEY:  And in addition, Your Honor, electronic
19   monitoring under the Adam Walsh Act.
20             THE COURT:  All right.  That was more the question.
21   The 3142©, subpart 1(b) provision, and it's little I, et cetera
22   you were reading is the general bail.
23             MS. CROWLEY:  Right.
24             THE COURT:  I did remember about the Adam Walsh but
25   not specifics.  So what is it that that requires?

1          MS. CROWLEY:  That requires the electronic monitoring
2   as well as each of the conditions that I just mentioned.
3          THE COURT:  Okay.
4          MS. CROWLEY:  Your Honor, if I may just address --
5          THE COURT:  Yes.  Go ahead.
6          MS. CROWLEY:  I'm not sure that I mentioned before,
7   but Mr. Cruz is in constant contact with these victims.  He's
8   also in constant contact with students and former students
9   including the student whose photograph he used for his Kick
10  account which he used without that student's permission in
11  order to conceal his true identity.  Releasing him today or
12  releasing him next week will allow him to continue contacting
13  these people and that is certainly a danger to the community.
14  Thank you.
15         THE COURT:  Anything else, Mr. Paul?
16         MR. PAUL:  Judge, only that my client will abide by
17  any of the court's conditions and will not contact any of these
18  victims or any of the people moving forward.  I know the
19  Government said that he is in constant contact, the operative
20  word being was in constant contact, but as of today, no, no
21  longer.  Thank you.
22         THE COURT:  All right. Bail is set as follows.  A $1
23  million personal recognizance bond cosigned by three
24  financially responsible persons including his parents for moral
25  suasion, even if they don't -- whether they do or don't qualify

1  as FRPs as we use that term.  Also secured by $1 million of
2  property, his apartment, and the parents' house which you
3  proffered.  Travel restricted to the Southern and Eastern
4  Districts of New York and further restricted by home
5  incarceration which I'll get to in a moment.  Surrender all
6  travel documents, passports, et cetera.  No new applications.
7  Strict Pretrial supervision, home incarceration with electronic
8  monitoring.  Other conditions as set forth by the Pretrial
9  Services report as follows.  No working at a school, his
10 current school or any other.  No work with the debate team
11 whether that's considered work or voluntary extracurricular.
12 No contact with any of the victims in this case or minors
13 generally.  No computer use or computer access.  If there is a
14 secondary computer in the home other than what has been seized,
15 that will have to be turned off or otherwise in some way
16 satisfy the Government that it can't be used.  Is his cell
17 phone a smart phone?
18          MR. PAUL:  Yes, it is.
19          THE COURT:  All right.  That --
20          MR. PAUL:  It has been seized by the Government.
21          THE COURT:  All right.  Any replacement phone will
22 have to be a good old fashioned phone flipflop with no internet
23 access.  So no computer use, no internet or computer access.
24 And unfortunately, no release until all conditions are met.
25 I'm sorry that Mr. Cruz is going to have to spend the weekend

14

1   in jail accordingly, but in light both of the Walsh Act and
2   that there is, you know, there would otherwise be nothing
3   except his signature and no possibility of electronic
4   monitoring, computer monitoring or anything else, I don't have
5   any choice.
6             Should the Government go to the Part 1 judge to
7   appeal this, let me know the results.  Should the defense go to
8   the Part 1 judge, that applies on both sides.  I'm not
9   suggesting to either of you you do so, however.  That's
10  obviously within your rights.
11            Date for the preliminary hearing?  14th day, 30th day?
12            MR. PAUL:  30th day is fine, Judge.
13            THE COURT:  All right.  April 6 on consent.
14            MS. CROWLEY:  Your Honor?
15            THE COURT:  Yes.
16            MS. CROWLEY:  Just to clarify, the Pretrial Services
17  report did recommend mental health evaluation and treatment.
18  As the defendant is currently attending therapy sessions for --
19            THE COURT:  Thank you.  I missed that and that is
20  imposed as well.  That may create a problem with the monitoring
21  issue.  Do you have any suggestions on that?
22            MR. PAUL:  Your Honor, well we will work around that
23  to make sure that he is clear to go to counseling when he has
24  to go to counseling and back home.
25            THE COURT:  All right.  And otherwise, the usual

```
                                                                 15
 1   release conditions, only to go to court and to go to counsel
 2   visits with advanced notice and approval by Pretrial.
 3              All right.  Anything else?  Pretrial?  Are we okay?
 4              MS. CROWLEY:  Yes, Your Honor.
 5              THE COURT:  All right.  Thank you.  Okay.  We are
 6   adjourned on this case.
 7              MS. CROWLEY:  Thank you, Your Honor.
 8              MR. PAUL:  Thank you.
 9                            *  *  *  *  *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    16
 1        I certify that the foregoing is a court transcript from an
 2   electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                              _____
 6                                        Mary Greco
 7   Dated:  March 9, 2015
```